IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

ALPINE COMMUNICATIONS, LLC, )
CLEAR LAKE INDEPENDENT )
TELEPHONE COMPANY, MUTUAL ) No. 08-1042 EJM
TELEPHONE COMPANY OF SIOUX )
CENTER, IOWA, PRESTON ) ORDER
TELEPHONE COMPANY, and )
WINNEBAGO COOPERATIVE )
TELECOM ASSOCIATION, )
)
              Plaintiffs, )

vs.

AT&T CORP.,

              Defendant.

This matter is before the court on plaintiffs' resisted Motion for Reconsideration, or in the Alternative, for 28 USC §1292(b) Certification, filed January 14, 2011. Denied.

On December 16 and 17, 2010, the court entered orders staying this action, referring the matter to the Federal Communications Commission in accordance therewith, and denying the pending resisted Motions for Partial Summary Judgment without prejudice to reassertion as appropriate following resolution of the referral.

In support of their motion for reconsideration, plaintiffs urge that numerous decisions exist involving similar facts and/or issues wherein the court found it not appropriate to invoke the doctrine of primary jurisdiction, and that the doctrine is inapplicable under the circumstances of this case. In the event their motion for reconsideration is denied, plaintiffs seek certification of the issue for interlocutory appeal pursuant to 28 USC §1292(b), asserting that the referral involves a controlling question of

law as to which there is substantial ground for difference of opinion, and an immediate appeal from the order may materially advance the disposition of the litigation.

Upon review, the court is not persuaded to reconsider the earlier decision. As to certification of an interlocutory appeal, plaintiffs seek certification of the court's decision on the applicability of the doctrine of primary jurisdiction. A movant must establish that the order appealed "involves a question of controlling law as to which there is a substantial ground for difference of opinion" and "immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 USC §1292(b); Union County, Iowa v. Piper Jaffray & Co., Inc., 525 F3d 643, 646 (8th Cir. 2008). The court is mindful of the longstanding policy of discouraging piece-meal appeals, and that the interlocutory appeal procedure is to be used only in extraordinary cases where the decision might avoid protracted and expensive litigation. Id. It is the court's view that this issue does not involve a question of controlling law as to which there is substantial ground for difference of opinion, and the court is not of the view that an immediate appeal would materially advance the ultimate termination of the litigation. Accordingly, the motion shall be denied.

It is therefore

ORDERED

Denied.

June 29, 2011.

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT